BASTIAN BROTHERS COMPANY, Appellee, v. GEORGE J. LOOMIS, Appellant.

**SALES:** Retention of Defective Goods. Retention of palpably defective goods for an unreasonable time, and without complaint, bars rescission.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 17, 1919.

REHEARING DENIED MAY 8, 1919.

ACTION for the purchase price of goods ordered by the defendant and delivered by the plaintiff. The defense is that the goods delivered did not comply with the provisions of the contract. At the close of all the evidence, there was a directed verdict for the plaintiff for the amount of the contract price. The defendant appeals.—*Affirmed.*

*Hughes, Rankin & Dolan,* for appellant.

*Hazen I. Sawyer,* and *G. L. Norman,* for appellee.

EVANS, J.—The plaintiffs were manufacturers of novelties, resident in Rochester, New York. The defendant was a resident of Keokuk, Iowa. On April 23, 1913, the defendant signed a written order, addressed to the plaintiffs, for the delivery of 2,000 badges of a certain design. These badges were intended for resale by the plaintiff on the occasion of a celebration then in contemplation by the citizens of Keokuk. This celebration was to be in commemoration of the completion of the Keokuk dam across the Mississippi

River. The badges were to be of metal, and were to contain a suitable inscription, agreed on, and the date of the celebration. This order was signed by the defendant upon the solicitation of a traveling salesman. At the time the order was signed, the exact date of the celebration was not known to either party, and the salesman agreed to ascertain the date, which he accordingly did. This date was August 5, 1913. This date had been fixed upon by the committee in charge, on March 5, 1913, and publicity had been given thereto accordingly. Such date being thus furnished to the plaintiff, it was inscribed upon the badges in their manufacture. The complete order was delivered to the defendant on or about June 12, 1913. In the meantime, and on May 18th, the committee in charge of the celebration had changed the date thereof to August 26, 1913, and due publicity was given of such change of date. The defendant, having received the badges on or about June 12th, retained the same without objection or protest of any kind until August 23, 1913, on which date he shipped the same back to the plaintiffs, and at the same time wrote a letter, which, in effect, purported to rescind the contract and reject the goods, because of the mistake in the date. The shipment and letter reached the plaintiff on or about August 25th or 26th. The substance of the contention on behalf of the defendant is that the traveling salesman had represented that he would procure the true date, and that the goods in question were of no value except as the true date should be inscribed thereon. No fraud is charged against the plaintiff or its salesman. They never learned of the change of date until they received the defendant's letter. The defendant testified, also, that he never learned of the change of date until about August 5th. His only excuse for his failure in that regard is that he deemed it the business of the plaintiff to see that the correct date was inscribed. The trial court held, in substance, that, by receiving the goods and keeping the same

without objection or protest until August 23d, the defendant must be deemed to have waived all objection thereto. We think there is no gainsaying this holding. The defect complained of was manifest upon mere observation. The defendant could not have looked at one of the badges without discovering the date thereon. He was charged with the duty of discovering such defect within a reasonable time, and of making reasonably prompt objection thereto for the purpose of rescission. The order of the trial court is—*Affirmed.*

LADD, C. J., SALINGER and STEVENS, JJ., concur.